UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL ENERGY REGULATORY ) <br> COMMISSION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 22-2756 (CKK) |

**MOTION FOR EXTENSION OF TIME AND**
**MEMORANDUM IN SUPPORT THEREOF**

Defendant, by and through counsel, hereby moves for an extension of time, up to and including December 2, 2022, within which to file a responsive pleading in this Freedom of Information Act ("FOIA") litigation. Defendant's response is currently due by October 17, 2022. This is Defendant's first request for an extension of the responsive pleading deadline, and no other case events are impacted by the request. Pursuant to Local Civil Rule 7(m), the parties conferred, and Plaintiff's counsel has indicated that Plaintiff opposes any extension greater than 21 days.

There exists good cause for the Court to grant the relief Defendant requests. In this case, Plaintiff seeks certain records between the Federal Energy Regulatory Commission and the White House. *See generally* Compl. This motion is made because undersigned counsel has just been assigned to this case and requires additional time to familiarize himself with the issues involved, confer with counsel for the agency, and prepare a responsive pleading. Competing case obligations of undersigned counsel, as well as upcoming religious observances, do not permit Defendant to respond before the current October 17 deadline.

Additionally, competing case obligations of defense counsel throughout the remainder of October and November 2022 complicate Defendant's ability to respond before the requested December 2 deadline.  Between now and December 2, defense counsel currently must draft 12 responsive pleadings and substantive briefs; negotiate 15 status reports; engage in discovery related activities; prepare for multiple hearings, including oral argument addressing a motion he did not personally brief that requires significant preparations; and complete these and other administrative responsibilities.  Further, defense counsel must account for time out of the office due to the Thanksgiving holiday.  Consequently, it is not feasible for defense counsel to prepare a responsive pleading before the requested December 2 deadline.

When defense counsel conferred with Plaintiff's counsel, he explained the reasons why an extension was necessary.  Plaintiff's counsel did not challenge the validity of these reasons.  Instead, Plaintiff's counsel noted that Plaintiff intends to oppose any request that seeks greater than a 21-day extension because, in its view, Congress knew that Assistant United States Attorneys were busy when it adopted a 30-day responsive pleading deadline in FOIA actions.  Plaintiff's counsel also indicated that Plaintiff speculates the extension is sought for an ulterior purpose, *viz.*, to shield from prompt disclosure what Plaintiff believes are inappropriate "consultations" between an independent agency and the White House about politically embarrassing matters.

First, Plaintiff's pure speculation about the motivation behind Defendant's extension request is inappropriate.  Pursuant to Local Civil Rule 7(m), Defendant engaged in a "good-faith effort" to discuss with Plaintiff the actual basis for this request.  Any suggestion that this request is not brought in good faith and for the reasons articulated is baseless and without merit.

Second, whether Congress adopted an initial 30-day or 60-day responsive pleading deadline is irrelevant to any extension request.  Federal Rule of Civil Procedure ("Rule") 6(b)

authorizes the Court to extend a deadline, for good cause shown, if a request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Defendant submits that it has shown good cause why an extension is necessary and, accordingly, has satisfied its substantive obligation under Rule 6(b). Defendant, aware of its counsel's current and upcoming obligations, also satisfies Rule 6(b)'s procedural requirement by presenting this request well in advance of the current deadline and the separate deadline set forth in the Standing Order. Defendant's desire to submit this request now, rather than to wait until closer to the current deadline, further evidences a good faith and timely effort by Defendant to request a necessary and appropriate extension given the currently-known challenges presented by defense counsel's competing responsibilities.

Furthermore, Plaintiff is not in any way prejudiced by the requested extension of time. This request is made out of necessity due to defense counsel's significant responsibilities in a highly active litigation docket. It is not intended to delay these proceedings. Granting Defendant the requested extension affords Defendant the flexibility to prepare and file a responsive pleading in advance of December 2 should circumstances permit defense counsel to complete the filing sooner. This Court and the parties must construe, administer, and employ the Rules in a manner that secures the "just" determination of each action. Fed. R. Civ. P. 1. There is nothing unjust about Defendant's request for a reasonable extension to a responsive pleading deadline given the valid reasons articulated herein.

*   *   *

WHEREFORE, for the reasons set forth above and for good cause shown, Defendant requests that the Court extend the responsive pleading deadline to December 2, 2022. A proposed order accompanies this submission.

Dated: October 4, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ Robert A. Caplen
ROBERT A. CAPLEN, D.C. Bar #501480
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-2523
robert.caplen@usdoj.gov

*Counsel for Defendant*