UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,        )<br>                                                                )<br>           Plaintiff,                                      )<br>                                                                )<br>     v.                                                        )<br>                                                                )<br>FEDERAL ENERGY REGULATORY     )<br>COMMISSION,                                         )<br>                                                                )<br>           Defendant.                                   )<br>                                                                ) | Civil Action No. 22-2756 (CKK) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME**

Defendant, by and through counsel, respectfully submits this reply in support of its motion for extension of time. Defendant's motion sets forth good cause for the Court to extend Defendant's responsive pleading deadline up to and including December 2, 2022. Plaintiff's opposition articulates no legitimate basis to deny Defendant's request.

Plaintiff discounts the exceptionally large caseloads that Department of Justice attorneys must address and, by doing so, ignores how its own litigation conduct contributes to the backlog. Within the last five months alone, Plaintiff has initiated *six* additional lawsuits against Defendant in this judicial district. *See* Civ. A. No. 22-2114 (BAH) (D.D.C. filed July 19, 2022); Civ. A. No. 22-1624 (AMP) (D.D.C. filed June 8, 2022); Civ. A. No. 22-1550 (CRC) (D.D.C. filed June 2, 2022; closed Aug. 9, 2022); Civ. A. No. 22-1549 (CRC) (D.D.C. filed June 2, 2022); Civ. A. No. 22-1463 (D.D.C. filed May 25, 2022); Civ. A. No. 22-1320 (TJK) (D.D.C. filed May 13, 2022). Plaintiff cannot file multiple lawsuits that add to government counsel's burgeoning case dockets and then contest extension requests when government counsel deems them absolutely necessary. Plaintiff's assumption that other Department attorneys "are capable of responding if its current

counsel cannot do so in a timely fashion" is also inaccurate. These attorneys, like undersigned counsel, have their own cases for which they are primarily responsible and, absent exigent circumstances that do not exist here, are not responsible for handling their colleagues' caseloads.

For the reasons set forth above and in support of the Motion, Defendant has established good cause for requesting an extension up to and including December 2, 2022. Plaintiff cannot show otherwise, and the Court should reject its arbitrary assertion that only a 21-day[1] extension is warranted.

Dated: October 5, 2022              Respectfully submitted,

                                              MATTHEW M. GRAVES, D.C. Bar # 481052
                                              United States Attorney

                                              BRIAN P. HUDAK
                                              Chief, Civil Division

By:   /s/ Robert A. Caplen
        ROBERT A. CAPLEN, D.C. Bar #501480
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-2523
        robert.caplen@usdoj.gov

*Counsel for Defendant*

---

[1] Although Plaintiff's opposition asks that the Court limit Defendant's extension to 21 days, *see* ECF No. 9 at 2, the proposed order accompanying Plaintiff's brief further limits the extension to 14 days, *see id.* at 4.