UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY<br>COMMISSION,<br><br>Defendant. | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)** |
| | Civil Action No. 22-2756 (CKK) |

## **ANSWER**

Defendant Federal Energy Regulatory Commission, by and through undersigned counsel, hereby responds to Plaintiff's Complaint. Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff brings this action under the FOIA, 5 U.S.C. § 552, *et seq*.

2.      The allegations in Paragraph 2 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**PARTIES[1]**

3.      The allegations in Paragraph 3 consist of Plaintiff's characterization of itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

4.      Defendant admits only that it is an independent agency within the United States Department of Energy of the United States government and denies the remaining allegations in Paragraph 4 to the extent they are inconsistent with Defendant's statutory and regulatory authority.

**JURISDICTION AND VENUE**

5.      Defendant admits that this case purports to be brought under 5 U.S.C. § 552(a)(4)(B).

6.      Defendant admits only that venue is proper.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

**INSTITUTE FOR ENERGY RESEARCH'S FOIA REQUEST**

9.      Defendant admits only that Plaintiff submitted a FOIA request dated August 12, 2022.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents, and denies any allegations contained in Paragraph 9 that are inconsistent therewith.

10.     The allegations contained in Paragraph 10 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent

---

[1]      For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit that there might be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

11.     Defendant admits the allegations contained in Paragraph 11.

12.     Defendants denies the allegations contained in Paragraph 12.  Defendant avers that, on September 13, 2022, which constituted 20 business days after the date Defendant accepted Plaintiff's FOIA request, Defendant responded to the request by indicating it had identified nine documents that would be withheld under FOIA Exemption 5, 5 U.S.C. § 552(b)(5).

13.     The allegations contained in Paragraph 13 constitute legal conclusions to which no response is required.

14.     The allegations contained in Paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and avers it provided a timely response to Plaintiff's FOIA request.

15.     The allegations contained in Paragraph 15 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and avers it provided a timely response to Plaintiff's FOIA request.

## FIRST CLAIM FOR RELIEF
### Duty to Process Records—Declaratory Judgment

16.     Defendant incorporates by reference its responses to Paragraphs 1-15 of this Answer.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     The allegations contained in Paragraph 19 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

20.     The allegations contained in Paragraph 20 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records—Injunctive Relief

21.     Defendant incorporates by reference its responses to Paragraphs 1-20 of this Answer.

22.     The allegations contained in Paragraph 22 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

23.     The allegations contained in Paragraph 23 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

24.     The allegations contained in Paragraph 24 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

25.     The allegations contained in Paragraph 25 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## THIRD CLAIM FOR RELIEF
### Costs And Fees—Injunctive Relief

26.    Defendant incorporates by reference its responses to Paragraphs 1-25 of this Answer.

27.    The allegations contained in Paragraph 24 contain legal conclusions and Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

28.    The allegations contained in Paragraph 25 contain Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## PRAYER FOR RELIEF

The remaining portion of Plaintiff's Complaint contains its request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## First Defense

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

### Second Defense

FOIA does not provide for declaratory relief against a federal agency.

### Third Defense

Plaintiff failed to exhaust its administrative remedies prior to filing suit.

### Fourth Defense

The information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole, or in part, from public disclosure under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

### Fifth Defense

Plaintiff's request for "[a]ll correspondence" regarding certain topics does not "reasonably describe[]" the records sought as required under 5 U.S.C. § 552(a)(3)(A).

### Sixth Defense

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

Dated: November 14, 2022                Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ Robert A. Caplen
        ROBERT A. CAPLEN, D.C. Bar #501480
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-2523
        robert.caplen@usdoj.gov

        *Counsel for Defendant*